HARRY TALKIN, Plaintiff, *v.* ARTHUR H. ROMER, Defendant.

(Municipal Court of the City of New York, Borough of Brooklyn, Sixth District, December, 1920.)

Motions and orders — when motion for an order directing clerk of the court to pay money deposited, denied — landlord and tenant — pleading — summary proceedings — Laws of 1920, chap. 944, § 6.

> Money deposited pursuant to section 6 of chapter 944 of the Laws of 1920 is paid into court as security only, and where in an action to recover rent of premises in the city of New York for October and November, 1920, accrued under an agreement, the answer besides a general denial pleads as an affirmative defense that the rent demanded is unjust and unreasonable and that the agreement to pay the same is oppressive, and the defendant at the time of answering deposits with the clerk of the court, as he must under said section 6, the amount of the agreed rent regardless of whether he admits any such alleged indebtedness, a motion for an order directing the clerk of the court to pay to plaintiff the sum so deposited by defendant will be denied until the amount to which plaintiff may be entitled has been adjudicated.

MOTION to recover moneys paid into court.

Myron Krieger, for plaintiff (making the motion).

Harold N. Whitehouse (Robert W. Seaton, on the brief), for defendant (opposing the motion).

LAW, J.    This is a motion for an order permitting the plaintiff herein to withdraw from the clerk of this court, and directing the clerk to pay to the plaintiff, the sum of $125 deposited with the clerk by the defendant under the provisions of section 6 of chapter 944 of the Laws of 1920.

No written complaint was served with the summons. The nature and substance of the cause of action were

endorsed on the summons to the effect that the $156 sued for is rent reserved under a lease at the rate of . $78 per month.  The action is to recover the rent for the months of October and November.. It sufficiently appears that the action is for rent accruing under an agreement.  Hence the defense that the rent demanded was unjust and unreasonable and the agreement oppressive was available to the defendant under section 1 of chapter 944, Laws of 1920, and accordingly he set up the defense in paragraph numbered 2 in his answer. But in paragraph numbered 1 he also enters a general denial which puts in issue not merely the making of the agreement but every fact essential for the plaintiff to prove to entitle him to recover anything at all. There is no admission in the pleadings that the defendant owes the plaintiff anything whatever.  The defendant had a right to deny the making of the agreement and at the same time to set up the affirmative defense that if there was an agreement, the rent reserved was unjust and unreasonable and the agreement itself oppressive.  Hence in the instant case it is very clear that whether the plaintiff is entitled to the increase is not the only issue involved.  Under the general denial it may develop that the plaintiff is not entitled to a judgment in any amount.

But we will go still further.  Even if the defendant denied none of the allegations of the complaint, but merely set up the defense of unreasonableness of the rent and oppressiveness of the agreement, it does not necessarily follow that the plaintiff would be entitled to judgment even in the amount deposited in court by the defendant.  There is nothing in the pleadings to show that the amount so deposited was not greater. than the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recovered, nor is there anything in the statute to bar the defendant from showing, and the jury from finding,

that the rent as it existed one year prior to the time of the agreement was more than was just and reasonable.

Section 3 of said chapter 944, Laws of 1920, provides a method by which the defendant may presumptively establish that the agreement is unjust, unreasonable and oppressive. But such method of proof is not exclusive and the defendant may by other proof establish his affirmative defense and even show that the rent as it existed one year prior to the making of the agreement was greater than was just and reasonable.

Even though the rent demanded by the plaintiff is no greater than the amount paid as rent during the preceding month or than the amount reserved as the monthly rent in the agreement under which he obtained possession of the premises, still the defense that the amount demanded is unreasonable and the agreement oppressive is available to the defendant. Yet under the provisions of section 6 of chapter 944, regardless of whether the plaintiff is demanding an · increase or merely the old rent, the defendant at the time of answering *must* deposit with the clerk such sum as equals the amount paid as rent during the preceding month or such as is reserved as the monthly rent in the agreement under which he obtained possession of the premises, upon penalty of having his entire defense stricken out by the court and this is so regardless of whether he admits that he owes the plaintiff any such amount or not.

In these circumstances it is absurd to say that the defendant, in paying this money to the clerk, concedes that this amount of rent, at least, is due, or that the only issue which arises after the deposit of this amount is as to whether the plaintiff is entitled to an increased amount. No such inference arises except where the payment into court is voluntary or accompanied by

Municipal Court of New York, December, 1920.    [Vol. 113.

an admission that the amount so paid in is due and owing to the plaintiff. When a defendant has tendered a certain amount before commencement of an action and thereafter pays the amount into court to keep the tender good, the money immediately becomes the property of the plaintiff and he is entitled to draw it out. But this is so because the payment into court is voluntary and implies an admission that at least that amount is due the plaintiff. If the tender before trial and payment into court are pleaded and proved and the court finds that a greater amount was not due the plaintiff, judgment is for the defendant.

But an entirely different rule applies when the payment into court is not voluntary but is made, either by the order of the court or by statutory requirement, as a condition precedent to the offering of a defense. In such a case the money is paid into court as security, only, for the payment of any judgment the plaintiff may recover. If the plaintiff does not prevail the money is paid back to the defendant. Where the plaintiff has recovered judgment by default and the defendant moves to open the default, the court does sometimes grant the motion on condition that the defendant pay into court as security the amount of the judgment recovered by default. But assuming that the defense set up by the defendant goes to the entire cause of action, what court would think of imposing as a condition of opening the default that the amount of the default judgment be paid over absolutely to the plaintiff in advance of trial?

In the same manner the defendant is required by this statute to make the deposit as a condition precedent to his being permitted to offer at all the defense of unreasonableness and oppressiveness. Hence his action in making such deposit is not voluntary and involves no admission whatever that the amount deposited is due the plaintiff.

So it seems quite clear that the legislative intent as expressed in section 6 of chapter 944 was that the money is to be paid into court as security only. " Such deposit shall be applied to the satisfaction of the judgment rendered or otherwise disposed of as justice requires," is the language of the statute.  The deposit is not to be applied to any mere claim made by the plaintiff but " to the satisfaction of the judgment rendered."   The words " or otherwise disposed of as justice requires " obviously do not mean that the court is given the power to order the money paid over to someone who has not established his legal right to it. By virtue of this provision the court would have the power to order the money paid back to the defendant if the plaintiff wholly failed in the action, or the surplus, if the plaintiff recovered judgment for an amount less than the deposit.

I am not unmindful that some hardship may result to landlords if the deposit is retained by the clerk until judgment is rendered, but just as much hardship results from the fact that the statute requires the tenant to pay into court only one month's rent, although it may be six months before the action can be brought to trial.   The legislature apparently did not foresee that the flood of actions invited by the new laws would make speedy disposition of cases impossible.  To avoid the difficulties with which we are now confronted extensive revision of the existing rent laws will be necessary.  But it would be unfortunate indeed if the courts were to rule that under these laws the plaintiff in a rent action is entitled to receive any portion of the rent sued for and not admitted by the defendant until the amount to which he is entitled has been adjudicated.   The motion must be denied.

Motion denied.